IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

CARLOS COOK, an individual and
TANISHA RIVERA, an individual,

    Plaintiffs,
vs.

DIXIANA ASSOCIATION, INC., a Florida
non-profit corporation

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiffs, Carlos Cook, an individual and Tanisha Rivera, an individual (collectively "tenants") sue the defendant, Dixiana Association, Inc., a Florida non-profit corporation (hereinafter "association") for damages arising from the association's violation of the Federal Fair Housing Act, or 42 U.S.C. §3604 ("The Act") and demands a trial by jury regarding all issues so triable as follows.

**INTRODUCTION, VENUE AND JURISDICTIONAL ALLEGATIONS**

1. This is an action for damages associated with the association's conduct of violating the Act and by discriminating against the tenants in the rental of the dwelling based on familial status.

2. The Court has subject matter jurisdiction arising from the violation of the act.

3. The plaintiff tenants contracted with the property owner to lease a unit within the defendant association. The unit is commonly referred to as 1830 Dixianna Street # 302, Hollywood, Florida 33020 (hereinafter "residential property").

4. The residential property is located within the defendant association and, therefore, is governed by the governing documents (hereinafter "association documents"). A review of the association documents evidences the fact that the Association is not a 55 and over community and,

therefore, families with children under the age of 18 are entitled to reside within the Association. In addition, the Association Documents do not prohibit the property owners from leasing their respective units to third party tenants.

5. Venue properly lies in the Southern District of Florida because the parties are residing and/or are doing business in the Southern District of Florida and the residential property is located within The Southern District of Florida.

## SUMMARY AND BACKGROUND OF THE ACT AND GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. On September 13, 1988, Congress amended the Act to prohibit housing practices that discriminate through familial status. 42 U.S.C. § 3601 et. seq. In amending the Act, Congress recognized that "families with children are refused housing despite their ability to pay for it." H.R. Re. No. 711, 100th Cong., 2nd Sess. (1988). In addition, Congress cited a HUD survey that found 25% of all rental unit exclude children and that 50% of all rental units have policies that restrict families with children in some way. *See* Marans, *Measuring Restrictive Rental Practices Affecting Families With Children, A National Survey,* Office of Policy, Planning and Research, HUD, (1980). The HUD Survey also revealed that almost 20% of families with children were forced to live in less desirable housing because of restrictive policies. Congress recognized these problems and sought to remedy them by amending the Fair Housing Act to make families with children a protected class.

7. The Act was amended in 1988 to prohibit housing practices that discriminate on the basis of familial status. 42 U.S.C. §§ 3601-19. "Familial status", as relevant to this case, is defined by the Act as, in part, "one or more individuals (who have not attained the age of eighteen years) being domiciled with. . . .(1) a parent or another person having legal custody of such individual or individuals. . .. Id. at §3602(k); 24 C.F.R. §100.20.

*Cook adv. Dixiana Association, Inc.*
*Case No.:*

**A.     The *per se* discriminatory language contained in the defendant association's governing documents**

8.     Following the amendment of the Act in 1988, the association has been discriminating against families, including the plaintiff tenant, by placing restrictive and illegal language in the association documents. The language in the association documents is in violation of the Act.

9.     The language—referenced above—is attached hereto as **EXHIBIT "A"**. It states as follows:

**************

10.1 <u>Apartments</u>. Each of the apartments shall be occupied only by and owner, his family, his servants and guests, as a residence and for no other purpose; *provided that no person under sixteen years of age may be a permanent resident or may visit on said premise for a period of more than two weeks per year*.

****************

10.     The association documents are published in the Broward County public records.

**B.     The defendant association enforced the *per se* discriminatory language in the governing documents against the plaintiff tenants**

11.     The plaintiff tenants and the property owner had a contract for the lease of the property owner's unit within the defendant association. However, the contract was subject to approval by the defendant association.

12.     The defendant association refused to approve the lease agreement between the parties.

13.     The defendant association admitted to the plaintiff that the plaintiff was not approved for the lease of the property owner's unit within the association because the plaintiff has a young child; the child is under the age of sixteen.

14.     Such admission resulted in a cancellation of the lease agreement; a copy of which is attached hereto as **EXHIBIT "B"**. The cancellation of the lease agreement provides, in part, that both the property owner and the plaintiff tenant agreed that the lease was not approved due to the plaintiff's familial status.

3

*Cook adv. Dixiana Association, Inc.*
*Case No.:*

15. The plaintiffs have retained the undersigned law firm and has agreed to pay the undersigned law firm a reasonable fee for the services.

16. All conditions precedent has been met or has otherwise been waived or satisfied.

## COUNT I—VIOLATION OF 42 USCA §3604(b)

17. Plaintiff Tenants readopt and reincorporate the allegations contained in Paragraphs 1 through 7, inclusive, and Paragraphs 11 through 16, inclusive, as if specifically incorporated herein.

18. Plaintiff Tenants brings a cause of action sounding in the violation of 42 USCA §3604(b) against the defendant association.

19. Such provision provides as follows: "As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful. . ..to discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of age, color, religion, sex, familial status or national origin."

20. The defendant association violated The Act by establishing the existence of facially discriminatory rules that treat children and, thus, families with children, differently and less favorably than adult only households through the enforcement of the governing documents through the active and intentional refusal to permit the plaintiff tenants to reside within the association due to the plaintiff tenants' familial status.

21. As a direct and proximate result of the association's violation of the act, the plaintiff tenants have been damaged.

## DEMAND FOR ATTORNEYS' FEES

22. Plaintiff Tenants further demand reasonable attorneys' fees and costs necessitated by bringing the pending action against the Defendants.

**WHEREFORE,** Plaintiff Tenants requests a judgment finding that the defendant association's conduct is a violation of the Act and further demands any further relief, including

actual damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just, and equitable.

## COUNT II—VIOLATION OF 42 USCA §3604(c)

23. Plaintiff Tenants readopt and reincorporate the allegations contained in Paragraphs 1 through 10, inclusive, as if specifically incorporated herein.

24. Plaintiff Tenants brings a cause of action sounding in the violation of 42 USCA §3604(c) against the defendant association.

25. Such provision provides as follows: "As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful. . ..to make, print or publish or cause to be made, printed, or published any notice, statement or advertisement with respect to the sale or rental of a swelling that includes any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin or an intention to make any such preference, limitation or discrimination".

26. The defendant association engaged in a per se violation of the act through the publication of per se discriminatory governing documents based on familial status.

27. As a direct and proximate result of the association's violation of the act, the plaintiff tenants have been damaged.

## DEMAND FOR ATTORNEYS' FEES

28. Plaintiff Tenants further demand reasonable attorneys' fees and costs necessitated by bringing the pending action against the Defendants.

**WHEREFORE,** Plaintiff Tenants requests a judgment finding that the defendant association's conduct is a violation of 42 USCA §3604(c) and further demands any further relief, including actual damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just, and equitable.

## COUNT III—VIOLATION OF 42 USCA § 3617

29. Plaintiff Tenants readopt and reincorporate the allegations contained in Paragraphs 1 through 16, inclusive, as if specifically incorporated herein.

*Cook adv. Dixiana Association, Inc.*
*Case No.:*

30. Plaintiff Tenant brings a cause of action sounding in the violation of 42 USCA § 3617 against the association.

31. Association violated 42 USCA § 3617 by engaging in a systematic and continuous course of dealing designed to coerce, intimidate, threaten, or interfere with the Plaintiff Tenant in their exercise or enjoyment of residing in the Association through their conduct of the creation and implementation of the *per se* discriminatory association rules.

32. As a direct and proximate result of such conduct, the plaintiff tenant has incurred damages.

## DEMAND FOR ATTORNEYS' FEES

33. Plaintiff Tenant further demand reasonable attorneys' fees and costs necessitated by bringing the pending action against Association.

**WHEREFORE,** Plaintiff Tenant requests a judgment finding that the association's conduct is in violation of 42 USCA § 3617 and further demands any further relief, including actual and punitive damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just, and equitable.

*Cook adv. Dixiana Association, Inc.*
*Case No.:*

Dated this the 11th day of January, 2022.

        Respectfully submitted,

        THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
        955 S. Federal Highway, Suite 339
        Fort Lauderdale, Florida 33316
        Tel: (954) 462-8340
        Fax: (954) 324-2037
        geoffrey@ittlemanlaw.com

        -and-

        OMID JOHN, P.A.
        110 SE 6th Street, Suite 1700
        Fort Lauderdale, Florida 33301
        Tel: (954) 205-4247
        esq@omidjohn.com

By:    */s/ Geoffrey Ittleman*
        Geoffrey D. Ittleman, Esq.
        Fla. Bar No.: 377790
        Omid J. Esmailzadegan, Esq.
        Fla. Bar No.: 1004142